AMBRO, Circuit Judge,
Concurring.
In my estimation, we need look no farther than the exhaustion requirement codified at 8 U.S.C. § 1252(d)(1) to dispose of Asemani’s consolidated cases. By its own terms, the Real ID Act applies to “cases in which the final administrative order of removal ... was issued before, on or after the date of the enactment of [the Act], ” Real ID Act of 2005 § 106(b), 119 Stat. at 311 (emphasis added). As we recently explained:
In the Real ID Act ... the Congress was silent as to what was to be done with an appeal from a district court habeas decision that is now pending before a court of appeals. Despite this silence, it is readily apparent, given Congress’ clear intent to have all challenges to removal orders heard in a single forum (the courts of appeals) ... that those habeas petitions that were pending before this Court on the effective date of the Real ID Act are properly converted to petitions for review and retained by this Court. We thus generally have jurisdiction to consider such a petition pursuant to section 242(a) of the INA. 8 U.S.C. § 1252(a) (1999 & Supp.2005).
Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir.2005). The text of the Act and our decision in Bonhometre teach that we are to apply the Real ID Act to Asemani’s consolidated cases, treating them as a petition for review.[6] I disagree with my colleagues’ conclusion to the contrary.
As described in the majority opinion, the Real ID Act has left no question that exhaustion of administrative remedies is a subject matter jurisdiction prerequisite to our review under 8 U.S.C. § 1252 — the only review now available. Asemani clearly failed to exhaust available administrative remedies. For this reason alone, I reach the same result as that reached by my colleagues. However, I take no part in their application of pre-Real ID Act law (e.g., Duvall v. Elwood, 336 F.3d 228 (3d Cir.2003)) to this case.

. "An order of removal made by [an] immigration judge ... shall become final,” inter alia, "[u]pon waiver of appeal by the respondent,” or "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time.” 8 C.F.R. § 1241.1(b),(c). As the Government explained in its brief:
On June 1, 2004, Asemani appeared before Immigration Judge Durling on his remanded removal proceedings. Asemani withdrew all requests for relief from removal other than his claim of United States nationality, and was ordered removed, to Iran. A.R. 1198. Asemani waived his appeal to the BIA, id., making the immigration judge’s order the final order of removal. ... He did not file a petition for review of the immigration judge’s order.
(emphases added). We must thus treat IJ Durling's June 1, 2004 removal order as a final order of removal.